UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. JOYNER,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | No.  2:22-cv-1577 DAD DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Petitioner challenges his conviction for second degree murder. (ECF No. 6 at 1.)  For the reasons set forth below, the undersigned will recommend that the petition be dismissed as second or successive.

**I.      Background**

Petitioner commenced this action with the filing of the original complaint. (ECF No. 1.)  Before the court had the opportunity to screen the original complaint, petitioner filed an amended complaint. (ECF No. 6.)  Because an amended complaint supersedes any prior complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), the undersigned will screen the amended complaint.

////

////

1

## II. Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III. The Petition

Petitioner challenges his second-degree murder and enhancements related to findings by the jury that the crime was committed for the benefit of a criminal street gang and that a firearm was discharged causing great bodily injury. (ECF No. 6 at 1.) Petitioner states he previously filed a petition in this court regarding the conviction challenged in the instant petition. (Id. at 17.) Petitioner claims the petition is timely because there has been a change in the law he is "actually innocent" of the crime charged. (Id. at 18.)

## IV. Analysis

A second or successive application for habeas relief may not be filed in the district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker .v Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive petition pursuant to § 2254(b), it lacks jurisdiction to consider the merits). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

Petitioner appears to be "contesting the same custody imposed by the same judgment of a state court" that he challenged in Joyner v. Muniz, No. 2:15-cv-1494 MCE CKD P, (E.D. Cal.), which was denied on the merits. See Joyner v. Muniz, No. 2:15-cv-1494 MCE CKD P, 2016 WL 6996637 (E.D. Cal. Nov. 29, 2016). Before petitioner can proceed with the instant petition, he must move in, and obtain from, the Ninth Circuit Court of Appeals, an order authorizing the

district court to consider the merits of his successive petition. See 28 U.S.C. § 2244(b)(3). The Ninth Circuit has held that even if a petitioner could qualify for an exception to the bar on successive petitions, such as the actual innocence exception, he must still seek permission from the Ninth Circuit before filing a petition in the district court. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Absent such authorization, the instant petition must be dismissed without prejudice. 28 U.S.C. § 2244(b)(1), (3)(A).

**V.     Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 30, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/joyn1577.scrn fr

3