UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. JOYNER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　Respondent. | No. 2:22-cv-01577-DAD-DB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION<br><br>(Doc. No. 7) |

　　　　Petitioner Sean L. Joyner is a state prisoner proceeding *pro se* with an amended petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 31, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed, without prejudice, as an unauthorized second or successive petition. (Doc. No. 7 at 2–3.) Specifically, the magistrate judge pointed out that in the petition pending in this case, petitioner seeks to challenge the same state court conviction for second-degree murder with enhancements that he previously unsuccessfully challenged in *Joyner v. Muniz*, No. 2:15-cv-01494-MCE-CKD (E.D. Cal. Nov. 29, 2016), with the petition in that earlier filed federal habeas action being denied on the merits. (Doc. No. 7 at 2.) Finally, the magistrate judge concluded that because petitioner had failed to seek and obtain authorization from the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for this

1

court to consider this second or successive petition, dismissal of the pending petition without prejudice was required. (*Id*. at 2-3.)

The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 3.) On April 18, 2023, the court received petitioner's timely objections to the pending findings and recommendations. (Doc. No. 8.) Respondent filed no response to petitioner's objections.

In his somewhat unclear objections, petitioner appears to present two arguments. First, he suggests that § 2244(b)(3)(A)'s requirement that a petitioner first obtain authorization from the appropriate court of appeals to present a second or successive petition to the district court does not apply where, as here, the petition in question presents a claim of actual innocence. (*See* Doc. No. 8 at 2) ("Petitioner claims the petition is based upon actual innocence of the crime charged. The Court failed to address petitioner's actual innocence, and is not restricted by procedural bars or defaults.") (internal citations omitted). Second, petitioner appears to suggest that because his claim in this action is one of actual innocence, he is effectively challenging a new judgment as opposed to the one at issue in his earlier filed habeas petition before this court. (*Id*. at 3) ("Petitioner is challenging a 'different judgement order' as it relates to claims of factual innocence or actual innocence as argued above.").[1] Neither of petitioner's arguments set forth in his objections has merit, nor do those objections serve to call into question the analysis reflected in the pending findings and recommendations.

First, as the assigned magistrate judge correctly explained (Doc. No. 7 at 3), even if a petitioner qualifies for one of the exceptions to the general bar against second or successive federal habeas petitions, the petitioner "must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)). Moreover, prior authorization by the court of appeals is a jurisdictional requisite. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("We conclude . . . that

---

[1] Elsewhere in his objections, petitioner inappropriately conflates the concept of a "new judgment" that may be collaterally challenged in federal court without prior authorization from the court of appeals with the AEDPA's one-year statute of limitations. (*See* Doc. No. 8 at 2, 4.)

1 because the 2002 petition is a 'second or successive' petition that [the petitioner] did not seek or
2 obtain authorization to file in the District Court, the District Court never had jurisdiction to
3 consider it in the first place."); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("If the
4 petition is second or successive, then the district court lacks jurisdiction and must dismiss the
5 petition unless and until the court of appeals grants an application to file it."); *Cooper v.*
6 *Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (same).

7    As to his second argument, petitioner is correct that where a habeas petition challenges a
8 new sentence imposed pursuant to a state court judgment and does so for the first time, that
9 habeas challenge to the new sentencing proceeding is not a second or successive petition. *See*
10 *Magwood v. Patterson*, 561 U.S. 320, 342 (2010); *Brown*, 889 F.3d at 667 ("[A] petition is not
11 second or successive if it is based on an intervening state court judgment—e.g., a new sentencing
12 determination—notwithstanding that the same claim challenging a conviction (or even the new
13 sentence) could have been brought in the first petition."). But it is clear that this legal principle
14 has no application here. Nowhere in his pending petition or objections to the findings and
15 recommendations does petitioner suggest that he is challenging a new sentence or judgment
16 imposed in the state court case *after* his earlier federal petition challenging that same state
17 conviction was denied on the merits. Rather, he appears to suggest that because his actual
18 innocence claim is a new one, he must be challenging a different judgment than that which was
19 before this court in *Joyner v. Muniz*, No. 2:15-cv-01494-MCE-CKD (E.D. Cal. Nov. 29, 2016),
20 where his federal habeas challenge to his state court conviction was denied on the merits.
21 Petitioner's suggestion in this regard is misguided. Rather, it is clear that in this action he is
22 seeking to collaterally attack the same state court judgment which was the subject of his 2015
23 petition filed in this court. That being the case, the pending petition is subject to dismissal
24 without prejudice as an unauthorized second or successive petition.

25    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
26 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
27 pending findings and recommendations are supported by the record and proper analysis.
28 /////

3

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 31, 2023 (Doc. No. 7) are adopted in full;
    a. The first amended petition for writ of habeas corpus (Doc. No. 6) is dismissed without prejudice as an unauthorized second or successive petition;
2. The court declines to issue a certificate of appealability; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 29, 2023**

UNITED STATES DISTRICT JUDGE

4